IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Paul Leslie Cox,     #75206, | ) | C/A No.: 2:13-856-TMC-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| VA Center; Social Security Office, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on a *pro se* civil rights complaint.[1] Plaintiff has filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. ECF No. 2. However, Plaintiff's request to proceed *in forma pauperis* should be denied and Plaintiff's complaint should be dismissed without prejudice if he fails to timely pay the filing fee, because Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act. The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it its frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three strikes" rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. *See Blakely v. Wards*, 701 F.3d 995, 1001 (4th Cir. 2012) ("The impetus behind the enactment of the PLRA was a concern about the

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

'endless floor of frivolous litigation' brought by inmates.") (quoting *McLean v. United States*, 566 F.3d 391, 397 (4th Cir. 2009)). To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay in full the filing fee.[2] A prisoner may also avoid application of § 1915(g) and proceed *in forma pauperis* if his claim satisfies the exception for imminent physical harm provided by the "three strikes" rule. *See* 28 U.S.C. § 1915(g); *Torres v. O'Quinn*, 612 F.3d 237, 246 (4th Cir. 2010).

Plaintiff is incarcerated at the Perry Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"). The instant complaint seeks "VA Benefits" allegedly owed to Plaintiff "for going to school in 1975, 1976, and 1977." ECF No. 1 at 2–3, 5. A court may take judicial notice of its own records. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F. 2d 1295, 1296 (5th Cir. 1970); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954). Therefore, it can be judicially noticed that Plaintiff has filed three prior cases in this Court, which have been dismissed with prejudice, as frivolous, and deemed "strikes" under § 1915(g). *See Cox v. U.S. Att'y Gen., et al.*, C/A No. 3:12-591-TMC, 2012 WL 1570093 (D.S.C. May 3, 2012); *Cox v. S.C. Dep't of Corr. Dir. Jon E. Ozmint, et al.*, C/A No. 3:12-225-TMC, 2012 WL 1415149 (D.S.C. April 24, 2012); *Cox v. United States*, C/A No. 3:12-50-TMC, 2012 WL 1158861 (D.S.C. April 9, 2012). Plaintiff also has three additional cases which were deemed strikes in 1997, prior to the Fourth Circuit's opinion in *McLean v. United States of America*, 566 F.3d at 395 (4th Cir. 2009) (holding that dismissal without prejudice for failure to state a claim does not count as a strike under 28 U.S.C. § 1915(g)).[3] In light of

---

[2] All civil lawsuits brought by prisoners seeking relief from a governmental entity, officer or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even if the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

[3] *See Cox v. Geraldine P. Miro, et al.*, C/A No. 3:97-3501-CES (D.S.C. Nov. 25, 1997); *Cox v. Geraldine P. Miro*, C/A No. 3:97-2177-CES (D.S.C. Sept. 10, 1997); *Cox v. Geraldine P. Miro,*

Plaintiff's recently issued "strikes," he cannot proceed with the instant complaint unless his claim satisfies the exception for imminent physical harm provided by the "three strikes" rule. *See* 28 U.S.C. § 1915(g); *Torres*, 612 F.3d at 246. This complaint does not fit within this exception to proceed *in forma pauperis* as Plaintiff does not allege that he is in imminent danger of serious physical injury. Therefore, to proceed with this complaint, Plaintiff must pay the full filing fee.

In addition, it is noted that the complaint would be subject to summary dismissal even if Plaintiff's claims were not barred by the "three strikes" rule. Under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent. *See FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994); *Global Mail Ltd. v. U.S. Postal Serv.*, 142 F.3d 208, 210 (4th Cir. 1998) (federal governmental entity entitled to sovereign immunity unless Congress waives that immunity and consents to suit). "Because the United States has not waived sovereign immunity in suits claiming constitutional torts," Defendants VA Center and Social Security Office are protected from any constitutional claims asserted by Plaintiff. *Reinbold v. Evers*, 187 F.3d 348, 355 n.7 (4th Cir. 1999) ("While *Bivens* actions allow for recovery of money damages against federal officials . . . *Bivens* does not allow for recovery of money damages, or suits in general, against the government itself."). Therefore Defendants are entitled to summary dismissal from this case.[4]

---

*et al.*, C/A No. 3:97-1941-CES (D.S.C. Sept. 10, 1997).

[4] Plaintiff's claims against agencies of the United States are evaluated under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. *See Carlson v. Green*, 446 U.S. 14, 18 (1980); *Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006).

### **Recommendation**

It is recommended that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) be **denied**. It is further recommended that Plaintiff be given twenty-one (21) days from the date the District Judge rules on this Report and Recommendation to pay the filing fee (currently $350), and that the Office of the Clerk of Court withhold entry of judgment until such time expires.

If Plaintiff fails to timely pay the filing fee, it is further recommended that the complaint be dismissed *without prejudice* under the "three strikes" rule of 28 U.S.C. § 1915(g), and that the Clerk enter the required final judgment at the close of the twenty-one day period permitted for payment of the filing fee. **Plaintiff's attention is directed to the important Notice on the next page.**

IT IS SO RECOMMENDED.

April 29, 2013                                              Joseph R. McCrorey
Columbia, South Carolina                         United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).