IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Paul Leslie Cox,   #75206, | ) | |
| | ) | C/A No. 2:13-856-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| VA Center; Social Security Office, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Paul Leslie Cox ("Plaintiff"), a state prisoner proceeding *pro se*, brings this action under 42 U.S.C. § 1983.  Plaintiff has filed a Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915.  (ECF No. 2).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a Magistrate Judge.  On April 29, 2013, Magistrate Judge Joseph R. McCrorey issued a Report and Recommendation ("Report") recommending that Plaintiff's Motion to Proceed *in forma pauperis* be denied and that Plaintiff's Complaint be dismissed without prejudice if he fails to timely pay the full filing fee because Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act.  (ECF No. 8).  The Magistrate Judge provided Plaintiff a notice advising him of his right to file objections to the Report. (ECF No. 8 at 5).  Plaintiff filed objections to the Magistrate Judge's Report on May 7, 2013.  (ECF No. 10.)

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the

court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

As noted above, Plaintiff filed objections to the Report which the court has carefully reviewed. However, the Plaintiff's objections provide no basis for this court to deviate from the Magistrate Judge's recommended disposition.

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report (ECF No. 8) and incorporates it herein. It is therefore **ORDERED** that the Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) is **DENIED** and that the Plaintiff shall have twenty-one (21) days from the date of this order to pay the $350 filing fee. It is further **ORDERED** that, in the event the Plaintiff fails to timely pay the filing fee, the Complaint shall be **DISMISSED** without prejudice under the "three strikes" rule of 28 U.S.C. § 1915(g) and the Clerk enter final judgment.

**IT IS SO ORDERED.**

                                                    s/Timothy M. Cain
                                                    United States District Judge

Anderson, South Carolina
May 16, 2013

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.